Cory A. Talbot
Arizona Bar No. 20702
Sean D. Thueson (*Pro Hac Vice Pending*)
Nevada Bar No. 8690
Bryan L. Wright (*Pro Hac Vice Pending*)
Nevada Bar No. 10804
HOLLAND & HART LLP
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV  89169
Phone: 702-669-4622
Fax: 702-669-4650
catalbot@hollandhart.com
sdthueson@hollandhart.com
blwright@hollandhart.com

*Attorneys for Defendant*
*Select Portfolio Servicing, Inc.*

# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael B. Sparlin; and Sharon J. Sparlin<br><br>Plaintiff,<br><br>v.<br><br>Select Portfolio Servicing, Inc.,<br><br>Defendant. | **CASE NO.:  4:11-cv-00240-CKJ** |
| Michael B. Sparlin; and Sharon J. Sparlin<br><br>Plaintiff,<br><br>v.<br><br>Select Portfolio Servicing, Inc.,<br><br>Defendant. | **CASE NO.:  4:11-cv-00241-CKJ** |

## **SELECT PORTFOLIO SERVICING, INC.'S MOTION TO CONSOLIDATE**

Defendant Select Portfolio Servicing, Inc. ("SPS"), by and through its counsel, HOLLAND & HART LLP, hereby moves this Court for an order consolidating Case No. 4:11-cv-00240-CKJ with Case No. 4:11-cv-00241-CKJ and providing further relief as to all similar claims filed by Plaintiffs Michael B. Sparlin and Sharon J. Sparlin ("Plaintiffs") against SPS concerning these common factual and legal matters.

This Motion is made pursuant to Fed.R.Civ.P. 42 and LRCiv. 42.1(b) and is based upon the attached Memorandum of Points and Authorities and supporting documentation, the papers and pleadings on file in this action, and any oral argument this Court may allow.

DATED this 26th day of April, 2011

HOLLAND & HART LLP

/s/ Sean D. Thueson
Cory A. Talbot
Arizona Bar No. 20702
Sean D. Thueson (*Pro Hac Vice Pending*)
Nevada Bar No. 8690
Bryan L. Wright (*Pro Hac Vice Pending*)
Nevada Bar No. 10804
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, NV  89169

*Attorneys for Defendant*
*Select Portfolio Servicing, Inc.*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

For the past approximately fourteen months, Plaintiff Michael Sparlin has refused to repay a mortgage he took out for an investment property in Kingman, Arizona. Accordingly, he and his wife have filed at least nine separate lawsuits against SPS, the servicer of the delinquent mortgage, each concerning SPS' alleged actions with respect to servicing the mortgage.  Plaintiffs have also threatened to continue filing the same lawsuits, one a day, until SPS stops all attempts to have the mortgage repaid.  This Motion, however, is not intended to reach the merits of Plaintiffs' claims – most of which cannot be maintained as a matter of law and the remainder of which are not factually supportable – but rather seeks relief from the vexatious nature of Plaintiffs' filings.

SPS has removed two of Plaintiffs' lawsuits which are now pending before this Court as Case No. 4:11-cv-00240-CKJ and Case No. 4:11-cv-00241-CKJ.  SPS seeks consolidation of those two cases in order to save time, expense, and judicial resources.

SPS also seeks an order from this Court concerning Plaintiffs' other lawsuits

against SPS. As detailed below, Plaintiffs have engaged in duplicative and improper claim splitting in an apparent attempt to force SPS defend these related claims across multiple lawsuits. Such an attempt is entirely inconsistent with clearly established judicial principals and can only be described as an attempt to harass and cause SPS unnecessary cost and delay, as well as waste judicial resources. Because this Court should not condone such conduct, SPS requests the Court order SPS be allowed to consolidate all such actions filed by Plaintiffs without further motion practice.

## II. STATEMENT OF RELEVANT FACTS

### A. PIMA COUNTY SMALL CLAIMS CASE NO. CV11-510208-SC

On or about March 28, 2011, Plaintiffs commenced an action in the Small Claims Division of the Pima County Consolidated Justice Court in the State of Arizona, entitled Michael B. Sparlin and Sharon J. Sparlin, Plaintiffs, vs. Select Portfolio Servicing, Inc., Defendant, as Case No. CV11-510208-SC ("Small Claims Case No. 1"). A true and correct copy of the Complaint in Small Claims Case No. 1 is attached hereto as Exhibit A. Plaintiffs are the only named plaintiffs in Small Claims Case No. 1, and SPS is the only named defendant in Small Claims Case No. 1. *See id.*

Plaintiffs' claims against SPS in Small Claims Case No. 1 purportedly arise under 15 U.S.C. § 1692g(b) and "Arizona Debt Collection and Consumer Protection Statute R20-4-152." *See id.* On April 21, 2011, SPS removed Small Claims Case No. 1 to this Court, which has been assigned the case number 4:11-cv-00240-CKJ.

### B. PIMA COUNTY SMALL CLAIMS CASE NO. CV11-510211-SC

On or about March 29, 2011, Plaintiffs commenced an action in the Small Claims Division of the Pima County Consolidated Justice Court in the State of Arizona, entitled Michael B. Sparlin and Sharon J. Sparlin, Plaintiffs, vs. Select Portfolio Servicing, Inc., Defendant, as Case No. CV11-510211-SC ("Small Claims Case No. 2"). A true and correct copy of the Complaint in Small Claims Case No. 2 is attached hereto as Exhibit B. Plaintiffs are the only named plaintiffs in Small Claims Case No. 2, and SPS is the only named defendant in Small Claims Case No. 2. *See id.*

**HOLLAND & HART LLP**
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, Nevada 89169

5088499_1.DOCX                     3

1     Plaintiffs' claims against SPS in Small Claims Case No. 2 purportedly arise under 15 U.S.C. § 1692c(a)(1) and "ADCCPA R20-4-1514(A)." *See id.* On April 21, 2011, SPS removed Small Claims Case No. 2 to this Court, which has been assigned the case number 4:11-cv-00241-CKJ.

### C. PIMA COUNTY SMALL CLAIMS CASE NO. CV11-510231-SC

    On or about April 6, 2011, Plaintiffs commenced an action in the Small Claims Division of the Pima County Consolidated Justice Court in the State of Arizona, entitled *Michael B. Sparlin and Sharon J. Sparlin, Plaintiffs, vs. Select Portfolio Servicing, Inc., Defendant*, as Case No. CV11-510231-SC ("Small Claims Case No. 3"). A true and correct copy of the Complaint in Small Claims Case No. 3 is attached hereto as Exhibit C. Plaintiffs are the only named plaintiffs in Small Claims Case No. 3, and SPS is the only named defendant in Small Claims Case No. 3. *See id.*

    Plaintiffs' claims against SPS in Small Claims Case No. 3 purportedly arise under 15 U.S.C. § 1681s-2(a)(3) and the Section 806(6) of the Fair Debt Collection Practices Act 15 U.S.C. § 1692*, et seq.* ("FDCPA"). *See id.* As such, this Court has original jurisdiction over Small Claims Case No. 3 under 28 U.S.C. § 1331, and that action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441. The deadline for SPS to remove Small Claims Case No. 3 to this Court is May 9, 2011, which date is thirty days after SPS' receipt of the Complaint in Small Claims Case No. 3. *See* 28 U.S.C. § 1446(b).

    As the answer for this matter is due April 28, 2011, SPS is concurrently removing this action to this Court and will advise the Court concerning the case number assigned once received.

### D. PIMA COUNTY SMALL CLAIMS CASE NO. CV11-510232-SC

    On or about April 7, 2011, Plaintiffs commenced an action in the Small Claims Division of the Pima County Consolidated Justice Court in the State of Arizona, entitled *Michael B. Sparlin and Sharon J. Sparlin, Plaintiffs, vs. Select Portfolio Servicing, Inc., Defendant*, as Case No. CV11-510232-SC ("Small Claims Case No. 4"). A true and

HOLLAND & HART LLP
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, Nevada 89169

correct copy of the Complaint in Small Claims Case No. 4 is attached hereto as Exhibit D. Plaintiffs are the only named plaintiffs in Small Claims Case No. 4, and SPS is the only named defendant in Small Claims Case No. 4. *See id.*

Plaintiffs' claims against SPS in Small Claims Case No. 4 purportedly arise under 15 U.S.C. § 1681s-2(b)(B). *See id.* As such, this Court has original jurisdiction over Small Claims Case No. 4 under 28 U.S.C. § 1331, and that action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441. The deadline for SPS to remove Small Claims Case No. 4 to this Court is May 9, 2011, which date is thirty days after SPS' receipt of the Complaint in Small Claims Case No. 4. *See* 28 U.S.C. § 1446(b).

As the answer for this matter is due April 29, 2011, SPS is concurrently removing this action to this Court and will advise the Court concerning the case number assigned once received.

### E.  PIMA COUNTY SMALL CLAIMS CASE NO. CV11-510237-SC

On or about April 8, 2011, Plaintiffs commenced an action in the Small Claims Division of the Pima County Consolidated Justice Court in the State of Arizona, entitled Michael B. Sparlin and Sharon J. Sparlin, Plaintiffs, vs. Select Portfolio Servicing, Inc., Defendant, as Case No. CV11-510237-SC ("Small Claims Case No. 5"). A true and correct copy of the Complaint in Small Claims Case No. 5 is attached hereto as Exhibit E. Plaintiffs are the only named plaintiffs in Small Claims Case No. 5, and SPS is the only named defendant in Small Claims Case No. 5. *See id.*

Plaintiffs' claims against SPS in Small Claims Case No. 5 purportedly arise under 15 U.S.C. § 1681s-2(b)(B) and 15 U.S.C. § 1692e(10). *See id.* As such, this Court has original jurisdiction over Small Claims Case No. 5 under 28 U.S.C. § 1331, and that action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441. The deadline for SPS to remove Small Claims Case No. 5 to this Court is May 12, 2011, which date is thirty days after SPS' receipt of the Complaint in Small Claims Case No. 5. *See* 28 U.S.C. § 1446(b).

The answer is due in this matter approximately May 3, 2011.

**F.   PIMA COUNTY SMALL CLAIMS CASE NO. CV11-510239-SC**

On or about April 10, 2011, Plaintiffs commenced an action in the Small Claims Division of the Pima County Consolidated Justice Court in the State of Arizona, entitled Michael B. Sparlin and Sharon J. Sparlin, Plaintiffs, vs. Select Portfolio Servicing, Inc., Defendant, as Case No. CV11-510239-SC ("Small Claims Case No. 6").  A true and correct copy of the Complaint in Small Claims Case No. 6 is attached hereto as Exhibit F. Plaintiffs are the only named plaintiffs in Small Claims Case No. 6, and SPS is the only named defendant in Small Claims Case No. 6.  *See id.*

Plaintiffs' claims against SPS in Small Claims Case No. 6 purportedly arise under Section 809(b) of the FDCPA.  *See id.*  As such, this Court has original jurisdiction over Small Claims Case No. 6 under 28 U.S.C. § 1331, and that action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.  The deadline for SPS to remove Small Claims Case No. 6 to this Court is May 13, 2011, which date is thirty days after SPS' receipt of the Complaint in Small Claims Case No. 6.  *See* 28 U.S.C. § 1446(b).

The answer is due in this matter approximately May 3, 2011.

**G.   PIMA COUNTY SMALL CLAIMS CASE NO. CV11-510240-SC**

On or about April 11, 2011, Plaintiffs commenced an action in the Small Claims Division of the Pima County Consolidated Justice Court in the State of Arizona, entitled Michael B. Sparlin and Sharon J. Sparlin, Plaintiffs, vs. Select Portfolio Servicing, Inc., Defendant, as Case No. CV11-510240-SC ("Small Claims Case No. 7").  A true and correct copy of the Complaint in Small Claims Case No. 7 is attached hereto as Exhibit G. Plaintiffs are the only named plaintiffs in Small Claims Case No. 7, and SPS is the only named defendant in Small Claims Case No. 7.  *See id.*

Plaintiffs' claims against SPS in Small Claims Case No. 7 purportedly arise under Section 809(b) of the FDCPA.  *See id.*  As such, this Court has original jurisdiction over Small Claims Case No. 7 under 28 U.S.C. § 1331, and that action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.  The deadline for SPS to remove Small Claims Case No. 7 to this Court is May 13, 2011, which date is thirty days after

**HOLLAND & HART LLP**
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, Nevada 89169

SPS' receipt of the Complaint in Small Claims Case No. 7.  *See* 28 U.S.C. § 1446(b).

The answer is due in this matter approximately May 3, 2011.

### H.     PIMA COUNTY SMALL CLAIMS CASE NO. CV11-510243-SC

On or about April 12, 2011, Plaintiffs commenced an action in the Small Claims Division of the Pima County Consolidated Justice Court in the State of Arizona, entitled Michael B. Sparlin and Sharon J. Sparlin, Plaintiffs, vs. Select Portfolio Servicing, Inc., Defendant, as Case No. CV11-510243-SC ("Small Claims Case No. 8").  A true and correct copy of the Complaint in Small Claims Case No. 8 is attached hereto as Exhibit H.  Plaintiffs are the only named plaintiffs in Small Claims Case No. 8, and SPS is the only named defendant in Small Claims Case No. 8.  *See id.*

Plaintiffs' claims against SPS in Small Claims Case No. 8 purportedly arise under Section 809(b) of the FDCPA.  *See id.*  As such, this Court has original jurisdiction over Small Claims Case No. 8 under 28 U.S.C. § 1331, and that action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.  The deadline for SPS to remove Small Claims Case No. 8 to this Court is May 16, 2011, which date is the first judicial day following thirty days after SPS' receipt of the Complaint in Small Claims Case No. 8.  *See* 28 U.S.C. § 1446(b).

The answer is due in this matter approximately May 4, 2011.

### I.     PIMA COUNTY SMALL CLAIMS CASE NO. CV11-510246-SC

On or about April 13, 2011, Plaintiffs commenced an action in the Small Claims Division of the Pima County Consolidated Justice Court in the State of Arizona, entitled Michael B. Sparlin and Sharon J. Sparlin, Plaintiffs, vs. Select Portfolio Servicing, Inc., Defendant, as Case No. CV11-510246-SC ("Small Claims Case No. 9").  A true and correct copy of the Complaint in Small Claims Case No. 9 is attached hereto as Exhibit I.  Plaintiffs are the only named plaintiffs in Small Claims Case No. 9, and SPS is the only named defendant in Small Claims Case No. 9.  *See id.*

Plaintiffs' claims against SPS in Small Claims Case No. 9 purportedly arise under Section 809(b) of the FDCPA.  *See id.*  As such, this Court has original jurisdiction over

**HOLLAND & HART** LLP
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, Nevada 89169

Small Claims Case No. 9 under 28 U.S.C. § 1331, and that action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441. The deadline for SPS to remove Small Claims Case No. 9 to this Court is May 16, 2011, which date is the first judicial day following thirty days after SPS' receipt of the Complaint in Small Claims Case No. 9. *See* 28 U.S.C. § 1446(b).

The answer is due in this matter approximately May 5, 2011.

### J. PLAINTIFFS' OTHER THREATENED SUITS AGAINST SPS

A true and correct copy of a letter dated April 2, 2011, SPS received from Plaintiffs is attached hereto as Exhibit J. In that letter, Plaintiffs advised SPS as follows:

> on Monday, March 28, 2011 I filed **the first of several lawsuits** against Select Portfolio Servicing, Inc. To date I have filed six (6) separate lawsuits[1] and **will continue to file each day until I cover all [21] counts** as outlined in my letter of March 25, 2011 [sic].

*Id*. (emphasis added). Indeed, Plaintiffs have threatened to file an additional lawsuit against SPS for each and every monthly mortgage statement SPS may send to them. *Id.*

## III. ARGUMENT

### A. CONSOLIDATION IS WARRANTED

In the interest of time, economy, and convenience, this Court may consolidate separately-filed actions. Specifically, Fed.R.Civ.P. 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any and all matters at issue in the action; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

*Id.* This rule "provides judges with a powerful tool to expedite litigation by drawing together separate actions sharing common legal or factual questions." 8 James Wm. Moore et al., *Moore's Federal Practice* ¶ 42.10[1][a] (3d ed. 2004). Indeed, the objective of consolidation is to "administer the court's business with expedition and economy while

---

[1] Plaintiffs' letter represents they had filed six lawsuits against SPS as of April 2, 2011. However, of the nine lawsuits Plaintiffs have filed against SPS set forth above, only two had been filed as of April 2, 2011. *See* Exhibits A and B; *cf.* Exhibits C through I. To the extent Plaintiffs have filed lawsuits against SPS other than those outlined above, SPS has not been served with the same nor is it aware of the contents thereof.

providing justice to the parties." *Advey v. The Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992) (*citing* Wright & Miller, *Federal Practice and Procedure* § 2381) (internal quotation marks omitted). This Court is vested with "broad discretion" in determining whether to consolidate existing cases. *Gillette Motor Transport, Inc. v. N. Oklahoma Butane Co.*, 179 F.2d 711, 712 (10th Cir. 1950); *see also Investors Research Co. v. U.S. Dist. Ct.,* 877 F.2d 777 (9th Cir. 1989) (noting that the decision to consolidate is not dependant on the approval of the affected parties). Consolidation is appropriate when there are common legal issues or common underlying facts involving multiple actions, even if there are discrete facts or legal issues pertinent to individual claims. *Gillette*, 179 F.2d at 712.

Consolidation here is appropriate (and beneficial) because all of Plaintiffs' claims relate to the same common set of facts and common issues of law. Indeed, as detailed above, each of Plaintiffs' nine lawsuits assert various alleged violations of the FDCPA or the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, all relating to SPS' role as the servicer of Plaintiffs' mortgage. Ultimately, SPS intends to move to dismiss Plaintiffs' claims under the FDCPA for failure to state a claim upon which relief can be granted because it does not fall within the definition of "debt collector" thereunder. *See Mansour v. Cal-Western*, 618 F.Supp.2d 1178, 1182 (D.Ariz. 2009) ("mortgagees and their assignees, servicing companies, and trustee fiduciaries are not included in the definition of 'debtor collector' [under the FDCPA].").  Judicial economy, however, dictates that SPS should not be forced to file such a motion nine times to be considered by, potentially, this and seven different Courts. Consolidation of these matters will save time, expenses, and judicial resources, and will prevent the potential for inconsistent adjudication. Conversely, there is no risk of prejudice or confusion to the parties if consolidation is granted. As such, there is simply no basis not to consolidate these claims which could and should have been brought in a single action in the first place.

///

///

5088499_1.DOCX                    9

### B. PLAINTIFFS SHOULD BE REQUIRED TO REMEDY THEIR IMPROPER CLAIM SPLITTING

"The rule against splitting a cause of action generally requires that all claims between the same parties arising out of or relating to the same transactional circumstances or core set of facts, or arising from a single wrong, or involving the same subject matter be joined in a single action." *Meritage Homes Corp. v. Hancock*, 522 F.Supp.2d 1203, 1214 (D.Ariz. 2007) (internal quotation and citation omitted). "The rationale behind the rule is to 'prevent a multiplicity of suits ... [and] to avoid harassment of the defendant, vexatious litigation, and the costs incident to successive suits on the same cause of action.'" *Agles v. Merck & Co., Inc.*, 875 F.Supp. 701, 707 (D.Hawai'i 1995) (citation omitted). Thus, "courts faced with duplicative suits may stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions." *Sensormatic Sec. Corp. v. Sensormatic Electronics Corp.*, 452 F.Supp.2d 621, 626 n.2 (D.Md. 2006).

Plaintiffs have already filed at least nine lawsuits against SPS arising out of the same core set of facts. As set forth above, SPS has every right to remove those lawsuits to this Court and intends to exercise that right. However, with each removal SPS is required to incur cost, expense, and delay that frankly should not be incurred. For example, SPS will be required to prepare and file nine separate petitions for removal with this Court (filing copies of each of them in the state court as well), prepare and file nine separate sets of the documents associated with removal (Civil Case Cover Sheets, Supplemental Civil Case Cover Sheets, Certificates of Interested Parties, Corporate Disclosure Statements, etc.), pay the filing fees associated with removal nine times, and presumably be required to file additional motions similar to this Motion to then consolidate those removed actions. Moreover, Plaintiffs' tactics will result in substantial waste of this Court's resources and the resources of the courts in which Plaintiffs originally file these actions. Even if Plaintiffs' allegations were valid, which they are not, Plaintiffs' abuses of the judicial process and resulting burden improperly imposed upon

this Court and SPS cannot be tolerated.  As such, SPS requests the Court grant one or more of the following potential remedies, or some other remedy as the Court deems just and proper:

- Once removed by SPS, order each and every lawsuit filed by Plaintiffs concerning these matters filed against SPS pending in any Court other than this Court be immediately consolidated without further motion;
- Waive the filing fees associated with removing the remaining actions Plaintiffs have filed against SPS, including any additional actions Plaintiffs have filed of which SPS is not currently aware, and any actions Plaintiffs may file against SPS concerning these matters in the future;
- Require Plaintiffs seek leave of this Court before they can file any new actions other than the actions already filed that relate to the same mortgage, i.e. the same set of facts and circumstances;
- Assess sanctions against Plaintiffs, and payable to SPS, in an amount equal to the additional expense SPS incurs in removing and consolidating the remaining actions Plaintiffs have filed against SPS, including any additional actions Plaintiffs have filed of which SPS is not currently aware and any actions Plaintiffs may file against SPS concerning these matters in the future.

As noted above, SPS' deadline to answer the additional matters mentioned above is rapidly approaching.  Accordingly, SPS requests the Court issue its order concerning this Motion and the relief requested herein before that date so SPS can avoid the additional and unnecessary expenses caused by Plaintiffs' vexatious litigation tactics.

### IV.   CONCLUSION AND RELIEF REQUESTED

For all of the foregoing reasons, SPS respectfully requests the Court consolidate Case No. 4:11-cv-00240-CKJ with Case No. 4:11-cv-00241-CKJ for all purposes.  SPS further requests the Court order all other actions pending in other courts be immediately consolidated once removed by SPS without further motion, and that the fees for removing those actions be waived.  Moreover, SPS requests the Court grant the request to remedy

5088499_1.DOCX                                11

1 Plaintiffs' duplicative and improper claim splitting concerning other related lawsuits in a
2 manner the Court deems just and proper.
3  DATED this 26th day of April, 2011

                                HOLLAND & HART LLP

                                  /s/ Sean D. Thueson
                                Cory A. Talbot
                                Arizona Bar No. 20702
                                Sean D. Thueson (*Pro Hac Vice Pending*)
                                Nevada Bar No. 8690
                                Bryan L. Wright (*Pro Hac Vice Pending*)
                                Nevada Bar No. 10804
                                3800 Howard Hughes Parkway, 10th Floor
                                Las Vegas, NV  89169

                                *Attorneys for Defendant*
                                *Select Portfolio Servicing, Inc.*

**HOLLAND & HART LLP**
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, Nevada 89169

5088499_1.DOCX                    12

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 26th day of April, 2011, I served a true and correct copy of the foregoing **SELECT PORTFOLIO SERVICING, INC.'S MOTION TO CONSOLIDATE** by electronic transmission to the parties on electronic file and/or depositing same in the United States mail, first class postage fully prepaid to the persons and addresses listed below :

Michael B. Sparlin
Sharon J. Sparlin
9151 E. Showcase Lane
Tucson, AZ  85749
ssparlin@dakotacom.net

*Plaintiff/Pro Se*

                /s/ Susann Thompson
                An Employee of HOLLAND & HART LLP

**HOLLAND & HART LLP**
3800 Howard Hughes Parkway, 10th Floor
Las Vegas, Nevada 89169