IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MICHAEL BENSON SPARLIN and SHARON JEANETTE SPARLIN, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br><br>Defendant. | No. CV 11-00240-TUC-CKJ (Lead Case)<br>No. CV 11-00241-TUC-CKJ<br>No. CV 11-00257-TUC-FRZ<br>No. CV 11-00259-TUC-FRZ<br>No. CV 11-00261-TUC-DCB<br>No. CV 11-00262-TUC-BPV<br>No. CV 11-00263-TUC-GEE<br>No. CV 11-00264-TUC-HCE<br>No. CV 11-00265-TUC-RCC<br>No. CV 11-00266-TUC-DCB<br>No. CV 11-00268-TUC-JCG<br>No. CV 11-00315-TUC-DCB<br>No. CV 11-00316-TUC-RCC<br>No. CV 11-00317-TUC-RCC<br>No. CV 11-00318-TUC-RCC<br>No. CV 11-00319-TUC-DCB<br><br>**CONSOLIDATED**<br><br>**ORDER** |

Pending before the Court is Defendant's Amended Motion to Consolidate (Doc. 15). Defendant filed its first Motion to Consolidate (Doc. 6) on April 26, 2011. Defendant then amended its Motion to Consolidate (Doc. 15) to reflect the addition of nine cases it had since removed.[1] Plaintiffs filed a response opposing consolidation (Doc. 13), but subsequently filed a request for a District Judge indicating a consent to consolidation (Doc. 25). Additionally, Defendant has filed a Supplement to Amended Motion to Consolidate (Doc. 28) in which Defendant asserts five additional cases have been filed since the Amended

---

[1]The Court notes that additional motions are pending. The Court will address these matters in a separate order.

1  Motion. Oral argument is requested. The Court finds that it would not be assisted by oral
2  argument and therefore declines to schedule this motion for argument. *See generally* LRCiv
3  7.2(f).

*Factual and Procedural Background*

On or about March 28, 2011, Plaintiffs Michael B. Sparlin and Sharon J. Sparlin filed the first of sixteen lawsuits against Defendant Select Portfolio Servicing, Inc. All were filed in the Small Claims Division of the Pima County Consolidated Justice Court. Each lawsuit asserts two claims, totaling thirty-two separate claims. Generally, the claims allege violations of either (1) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq.*, (2) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et. seq.*, or (3) Title 20, Chapter 4, Article 15 of the Arizona Administrative Code, which concerns the regulation of collection agencies.[2]

Defendant removed the lawsuits to federal court. Defendant requests (1) the cases be consolidated, (2) a standing order be issued directing consolidation upon removal and notice to this Court, (3) Plaintiffs be required to seek leave from this Court before filing any future actions, and (4) sanctions be imposed if Plaintiffs continue to file separate actions concerning Mr. Sparlin's mortgage.

*Consolidation*

Fed.R.Civ.P. 42(a) provides, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." Defendant claims "all of Plaintiff's claims relate to the same common set of facts and common issues of law," specifically they "all relat[e] to SPS's role as the servicer of Mr. Sparlin's mortgage." (Def.'s Am. Mot. to Consolidate (Doc. 15) 11:22-23.) In support, Defendant includes a letter

---

[2]One claim asserts a violation of "R20-4-152." This appears to be a typographical error or mistaken citation as the Arizona Administrative Code contains no such provision.

- 2 -

1  from the Plaintiffs, dated April 2, 2011.  (*Id.* Ex. L.)  The letter demands that Defendant
2  cease and desist from communicating with Plaintiffs about the property located at 538 South
3  Douglas Wash Road, Vail, AZ 85641, "[u]nless and until [Defendant] can prove that [it has]
4  a valid debt."  (*Id.* Ex. L ¶ 3.)  This indicates the dispute between Plaintiffs and Defendant
5  seems to arise from a single disputed mortgage debt.  The letter also states that, at the time,
6  Plaintiffs had filed six lawsuits and planned to "continue to file each day until . . . all counts
7  [] outlined in [a previous letter]" were covered.  *(Id.* Ex. L ¶ 1.)  All the claims now before
8  the Court involve debt collection or credit reporting.  This one transaction thus appears to be
9  the source of all Plaintiffs' asserted claims.  The Court finds that the transaction consists of
10 a number of common issues of fact.

11 An example of this is illustrated by Plaintiffs' asserted FDCPA claims, which are
12 present in at least nine of the actions.  Determining liability under the FDCPA requires the
13 Court to consider "the frequency and persistence of noncompliance by the debt collector, the
14 nature of such noncompliance, and the extent to which such noncompliance was intentional."
15 15 U.S.C. § 1692k(b).  Therefore, in each case, the Court must inquire into the facts of every
16 other case asserting noncompliance with the FDCPA.

17 The cases also share a number of common issues of law.  Three examples follow.
18 First, Defendant argues Plaintiffs' FDCPA claims fail as a matter of law because the FDCPA
19 applies only to "debt collectors" and it does not fit the FDCPA's definition of a debt
20 collector.  (Def.'s Am. Mot. to Consolidate (Doc. 15) 11:26-12:3; Def.'s Mot. to Dismiss
21 (Doc. 18) 13:23-25.)  Second, the issue of Mrs. Sparlin's standing to sue has been raised for
22 all of the claims filed prior to the filing of the Motion to Dismiss.  (Def.'s Mot. to Dismiss
23 (Doc. 18) 8:2-13:20.)  Third, Defendant argues there is no private right of action permitting
24 Plaintiffs' Arizona Administrative Code and the Fair Credit Reporting Act claims.

25 The determination that the cases involve common issues of fact and law is further
26 supported by Plaintiffs' Response to [Defendant's] Motion to Consolidate (Doc. 13). The
27 Response does not dispute the cases involve common questions of law or fact.  At the outset,
28 it identifies Defendant's Motion as one seeking consolidation of pending cases and future

1 filings "concerning common factual and legal matters." (Doc. 13) The Response fails to 2 contest the proposition that the cases do in fact concern common factual and legal matters. 3 Therefore, the Court finds the cases involve common questions of fact and law.

4 Once it is established that the cases involve common questions of law or fact, Rule 5 42(a) provides consolidation *may* be granted. The Court has broad discretion to consolidate 6 cases pending in the same district. *Pierce v. County of Orange*, 526 F.3d 1190, 1203 (9th 7 Cir. 2008). The decision is guided by "weigh[ing] the saving of time and effort consolidation 8 would produce against any inconvenience, delay, or expense that it would cause." *Huene v.* 9 *United States*, 743 F.2d 703, 704 (9th Cir. 1984). The Court also takes into consideration 10 potential prejudice to the parties, confusion of the issues, and risk of inconsistent 11 adjudication.

12 Defendant argues Plaintiffs' multiple actions are the result of "duplicative and 13 improper claim splitting" that "can only be described as an attempt to harass and cause 14 [Defendant] unnecessary cost and delay, as well as waste judicial resources." (Def.'s Am. 15 Mot. to Consolidate (Doc. 15) 5:12-13.) It argues "[c]onsolidation of these matters will save 16 time, expenses, and judicial resources, and will prevent the potential for inconsistent 17 adjudication." (*Id.* at 13.)

18 Plaintiffs originally objected to consolidation, stating they filed separate suits not 19 because of any motivation to harass but rather to (1) further "simplicity in keeping track of 20 the numerous and various violations" and (2) because they think consolidation would be 21 "prejudicial to [their] ability to receive proper compensation." (Pls.' Resp. to Def.'s Mot. 22 to Consolidate (Doc. 13) 1:36 to 2:3.) Simplicity, however, is an unavailing argument for 23 litigating common factual and legal issues in eleven separate cases before nine different 24 judges. The facts do not support the claim that consolidation would be prejudicial to 25 Plaintiffs' ability to recover. No explanation has been offered concerning why these cases 26 are more susceptible to prejudice than any other case in which multiple claims are asserted. 27 This Court declines to presume the premise that the inclusion of multiple counts in a single 28 lawsuit is inherently prejudicial to a plaintiff's ability to recover.

Plaintiffs may believe that "fil[ing] separate actions [will] assess maximum penalties to the Defendant," but the penalties are largely imposed in the form of duplicative litigation expenses. Minimizing such costs by ordering consolidation is more likely to decrease rather than increase the amount of prejudice to the parties. The Court finds consolidation would not prejudice the parties, nor result in confusion of the issues. Rather, it would prevent inconsistent adjudication and result in more efficient judicial administration.

Furthermore, Plaintiffs have since filed a Request for District Judge (Doc. 25) in which they request to have all cases consolidated. Accordingly, consolidation will be granted.

Having concluded consolidation is proper, the Court must now determine to which Judge these cases should be assigned. The Court looks to four factors. LRCiv 42.1(d). Consideration is given to "(1) whether substantive matters have been considered in a case; (2) which Judge has the most familiarity with the issues involved in the cases; (3) whether a case is reasonably viewed as the lead or principal case; or (4) any other factor serving the interest of judicial economy." *Id.* Consideration of Defendant's Amended Motion to Consolidate (Doc. 15) has been the most substantive matter addressed in any of the cases thus far. Defendant's Motion to Expedite Briefing and Consideration of Motion to Consolidate (Doc. 7) was also previously considered by this Court. Addressing these matters has resulted in a greater familiarity by this Court with the issues involved. Principles of judicial economy weigh against the duplication of effort spent by other courts acquiring such familiarity. This Court has also been assigned the lowest numbered case, which can reasonably be labeled as the lead case. Accordingly, this Court is the most appropriate assignment for the consolidated cases.

*Standing Order to Consolidate*

Defendant seeks a prospective ruling that would, upon removal and notice to this Court, automatically consolidate future cases. (Am. Mot. to Consolidate (Doc. 15) 13:16-19.) While this Court does have broad discretion to consolidate under Rule 42, the Rule

- 5 -

instructs this Court first determine that there is a common issue of law or fact. Nonetheless, the Court finds it appropriate that any further removed actions with Michael B. Sparlin and/or Sharon J. Sparlin against Select Portfolio Servicing, Inc., be assigned to this Court and consolidated with this case with this case as the lead case (while this case remains pending). In the event either party believes any such future removed action is not appropriately consolidated, that party may file a request that the action not be consolidated with this action.

*Pre-Filing Order*

Defendant requests a pre-filing order to be entered against Plaintiffs. (Def.'s Am. Mot. to Consolidate (Doc. 15) 13:13-16.) The order would require Plaintiffs to seek leave from the Court before filing any further actions arising from the same mortgage transaction.

This Court has "the inherent power to enter pre-filing orders against vexatious litigants. However, such pre-filing orders are an extreme remedy that should rarely be used." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citation omitted). They are appropriate when needed to prevent the "[f]lagarant abuse of judicial process." *Id.* (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir.1990)) (alteration in original). In *De Long v. Hennessey*, the Ninth Circuit identified four factors that should be examined before entering a pre-filing order. *Molski*, 500 F.3d at 1057-58.

> First, the litigant must be given notice and a chance to be heard before the order is entered. Second, the district court must compile 'an adequate record for review.' Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. Finally, the vexatious litigant order 'must be narrowly tailored to closely fit the specific vice encountered.'

*Id.* at 1058 (citations omitted). The first and second factors are procedural, the third and fourth substantive. *Id.* A "helpful framework for applying the two substantive factors" comes from the Second Circuit's "five-factor standard" expressed in *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir.1986). *Safir* provides that a district court should examine

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel;

> (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Molski*, 500 F.3d at 1058. The first four factors expand on *De Long*'s third requirement instructing the Court to "make substantive findings about the frivolous or harassing nature of the plaintiff's litigation." The fifth is a corollary of *De Long*'s fourth factor requiring an order to be narrowly tailored.

The third factor from *De Long*, as expanded on by the first four factors of *Safir*'s five-factor standard, is addressed first, as it "gets to the heart of the vexatious litigant analysis." *Id.* at 1059. The Court finds the suits at issue here to be duplicative. *See Adams v. California Department of Health Services*, 487 F.3d 684, 688-92 (9th Cir. 2007). There is no prior history of duplicative filings or other abuse of the judicial process by Plaintiffs. It is nevertheless possible that Plaintiffs' conduct in filing these actions is sufficiently harassing or vexatious. The important focus is on Plaintiffs' intent and motive. The facts show cause for concern. Plaintiffs stated in a letter to Defendant dated April 2, 2011, "[t]o date I have filed six (6) separate lawsuits and will continue to file each day until I cover all counts as outlined in my letter of March 25, 2011." (Def.'s Am. Mot. to Consolidate (Doc. 15) Ex. L. ¶ 1.) Additionally, their Response to Defendant's Motion to Consolidate (Doc. 13) reads, "Plaintiffs believe that the Defendants [sic] should be held accountable for their negligent actions and therefore, filed separate actions to assess maximum penalties to the Defendant." The duplication of fees and effort have indeed impacted Defendant, as well as burdened this Court and its personnel. Nevertheless, the Court is willing, *at this stage*, to grant Plaintiffs some leniency because they are not represented by counsel and may be uninformed about the impropriety of their conduct. The facts presently before the Court are not adequate to show that Plaintiffs' litigation tactics are so frivolous or harassing and alternative sanctions are so inadequate as to justify the extreme and rarely used remedy of a pre-filing order.

However, the Plaintiffs are now on notice that all claims that arise out of the same transaction or occurrence should be asserted against a defendant in one action. If a case is

1  duplicative of one that has been previously filed, a "district court may exercise its discretion
2  to dismiss [the] later-filed action, to stay that action pending resolution of the previously filed
3  action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*
4  *v. California Department of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007). Plaintiffs
5  have an incentive to do so as the doctrine of claim preclusion, also known as res judicata,
6  "bars litigation in a subsequent action of any claims that were raised or could have been
7  raised in the prior action." *Western Radio Services Co., Inc. v. Glickman*, 123 F.3d
8  1189,1192 (9th Cir 1997). Similarly, the doctrine of issue preclusion, also known as
9  collateral estoppel, "bars the relitigation of both issues of law and issues of fact actually
10 adjudicated in previous litigation between the same parties." *Washington Mut. Inc. v. United*
11 *States*, 636 F.3d 1207, 1216 (9th Cir. 2011).

*Prospective Sanctions*

In the context of requesting a pre-filing order and a standing order for consolidation, Defendant's Amended Motion to Consolidate states, "[i]n the event Plaintiffs nonetheless file such additional lawsuits, [Defendant] request [sic] the Court assess sanctions against Plaintiffs, and payable to SPS, in an amount equal to the additional expense [Defendant] incurs in removing and consolidating such actions . . ." ((Doc. 15) 13:16-18.) The Court declines to make prospective rulings on the matter. The request will be denied. If the Court finds, in the future, that Plaintiffs are engaging in an abuse of process, the Court will, at that time, entertain a motion for sanctions.

Accordingly, IT IS ORDERED:

1. Defendant's Amended Motion to Consolidate (Doc. 15) is GRANTED.
2. The following cases shall be consolidated, with CV 11-00240-TUC-CKJ as the lead case:

    CV 11-00240-TUC-CKJ
    CV 11-00241-TUC-CKJ
    CV 11-00257-TUC-FRZ

- 8 -

```
                    CV 11-00259-TUC-FRZ
                    CV 11-00261-TUC-DCB
                    CV 11-00262-TUC-BPV
                    CV 11-00263-TUC-GEE
                    CV 11-00264-TUC-HCE
                    CV 11-00265-TUC-RCC
                    CV 11-00266-TUC-DCB
                    CV 11-00268-TUC-JCG
                    CV 11-00315-TUC-DCB
                    CV 11-00316-TUC-RCC
                    CV 11-00317-TUC-RCC
                    CV 11-00318-TUC-RCC
                    CV 11-00319-TUC-DCB
```

3. The Clerk of the Court shall reassign the following cases to this Court:

```
                    No. CV 11-00257-TUC-FRZ
                    No. CV 11-00259-TUC-FRZ
                    No. CV 11-00261-TUC-DCB
                    No. CV 11-00262-TUC-BPV
                    No. CV 11-00263-TUC-GEE
                    No. CV 11-00264-TUC-HCE
                    No. CV 11-00265-TUC-RCC
                    No. CV 11-00266-TUC-DCB
                    No. CV 11-00268-TUC-JCG
                    No. CV 11-00315-TUC-DCB
                    No. CV 11-00316-TUC-RCC
                    No. CV 11-00317-TUC-RCC
                    No. CV 11-00318-TUC-RCC
                    No. CV 11-00319-TUC-DCB
```

4. CV 11-00240-TUC-CKJ shall serve as the lead case number and all future filings in this case shall include in the caption the following:

No. CV 11-00240-TUC-CKJ (Lead Case)

```
                    No. CV 11-00241-TUC-CKJ
                    No. CV 11-00257-TUC-FRZ
                    No. CV 11-00259-TUC-FRZ
                    No. CV 11-00261-TUC-DCB
                    No. CV 11-00262-TUC-BPV
                    No. CV 11-00263-TUC-GEE
                    No. CV 11-00264-TUC-HCE
                    No. CV 11-00265-TUC-RCC
                    No. CV 11-00266-TUC-DCB
                    No. CV 11-00268-TUC-JCG
                    No. CV 11-00315-TUC-DCB
                    No. CV 11-00316-TUC-RCC
                    No. CV 11-00317-TUC-RCC
                    No. CV 11-00318-TUC-RCC
                    No. CV 11-00319-TUC-DCB
```

**CONSOLIDATED**

5. All future removed actions between Michael B. Sparlin and/or Sharon J. Sparlin and Select Portfolio Servicing, Inc., shall automatically be assigned to this Court and shall automatically be consolidated with this case.

6. The request for a pre-filing order is DENIED.

7. The request for prospective sanctions is DENIED.

DATED this 18th day of July, 2011.

*Cindy K. Jorgenson*
Cindy K. Jorgenson
United States District Judge